**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-2371**

---

MIMMI KIFLE SHEWAGA,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (A78-610-711)

---

Submitted:  April 30, 2004          Decided:  May 17, 2004

---

Before WIDENER, WILKINSON, and SHEDD, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Aragaw Mehari, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Norah Ascoli Schwartz, Senior Litigation Counsel, John S. Hogan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mimmi Kifle Shewaga, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion an immigration judge's denial of her applications for asylum and withholding of removal.[*]

On appeal, Shewaga raises challenges to the immigration judge's determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Shewaga fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that Shewaga seeks.

Additionally, we uphold the immigration judge's denial of Shewaga's request for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate

---

[*]The immigration judge and the BIA denied relief under the United Nations' Convention Against Torture ("CAT") in their respective decisions. However, as the Government correctly notes, Shewaga never applied for protection under CAT during her litigation below, nor does she raise any substantive claim on appeal. Accordingly, we consider only the denial of her applications for asylum and withholding of removal.

- 2 -

"a clear probability of persecution." <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 430 (1987). Because Shewaga fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>